IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUREA HORNBUCKLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-111-A |
| | § | |
| MATT MARTIN, DIRECTOR, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOUSING AND URBAN DEVELOPMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion to dismiss filed in the above action by defendant, Matt Martin, Director, United States Department of Housing and Urban Development. On March 2, 2015, plaintiff, Lurea Hornbuckle, filed a document that appears to be titled "Plaintiff Original Petition for the Federal Court and Objection to Defendant's Motion to Dismiss Order, and Objection Removal from Small Claims Court Before Small Claims Court Hearing for Evidence and Money Loss, Objection to Defendants Dismissal Order for Failure to State a Claim, and Objection for Dismissal Order for Lack of Subject Matter Jurisdiction" (errors in original). Plaintiff's response to the motion to the dismiss was due on March 10, 2015, and she has filed nothing other than the foregoing document. The court will thus construe the March 2

filing as plaintiff's response to the motion to dismiss. Having now considered the parties' filings, the notice of removal and papers submitted in the accompanying appendix,[1] and applicable legal authorities, the court concludes that the motion should be granted.

I.

Background and Plaintiff's State Court Pleadings

Plaintiff initiated this action by the filing of her original petition in the Justice of the Peace Court, Precinct Eight, in Fort Worth, Tarrant County, Texas. The opening two paragraphs of the petition state:

> HUD CONCEALMENT OF EVIDENCE OF ANY
> LEGAL INTEREST IN PLAINTIFF PROPERTY,
>
> PLAINTIFF "COMPLAINING OF A FINANCIAL LOSS OF 10,000.00, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT "HUD MATT MARTIN KNOWINGLY PURCHASED STOLEN PROPERTY FROM BANK OF AMERICA NATIONAL ASSOCIATION WHO COMMITTED A FINANCIAL CRIME YEAR 2014 AGAINST PLAINTIFF OWNER OF PROPERTY 4725 ARAMIS DRIVE ARLINGTON TEXAS 76016. YEAR 2010 BOA UNLAWFUL CONVERSION OF THE OWNERSHIP OF PROPERTY, POSSESSION WAS FRAUDULENT TAKEN FROM DEED OF TRUST, USING ILLEGAL CONSTABLE DEED FRAUD.

---

[1] The appendix submitted in support of the motion to dismiss includes opinions from a number of courts that have considered and dismissed plaintiff's claims pertaining to the same property. Plaintiff has been declared a vexatious litigant by both state and federal courts due to the number of actions plaintiff has filed pertaining to the property, and at least one federal district has imposed monetary sanctions against plaintiff.

App'x to Def.'s Notice of Removal at 10 (errors, capitalization, and underlining in original). The petition then alleged[2] that plaintiff and her now-deceased husband purchased their property in 2002 from Principal Residential Mortgage Company by signing a note and deed of trust. Plaintiff seems to allege that there is no evidence that the note and deed of trust were assigned to Bank of America. It appears plaintiff's property was sold at a foreclosure sale in the fall of 2010, and that Bank of America conveyed the property to defendant on May 8, 2014. Plaintiff claims she is a victim of "[m]ortgage [f]raud," id., and that defendant concealed the purchase of her property from Bank of America. Plaintiff appears to be seeking reimbursement for fees associated with losing her home, including paying for a storage facility and rental property, in the amount of $10,000; it is unclear from the petition if plaintiff is seeking additional relief.

II.

Defendant's Motion and Plaintiff's Response

Defendant moves for dismissal on the grounds that the court lacks subject matter jurisdiction over this action because this action falls within an exception to the Federal Tort Claims Act

---

[2] The petition appears to be comprised of a few pages of rambling statements, from which the court can glean but a few factual statements.

waiver of sovereign immunity for suits against United States. Defendant further argues for dismissal because the federal district court has exclusive jurisdiction over suits against United States seeking monetary damages. Inasmuch as plaintiff filed this action in state court, the doctrine of derivative jurisdiction deprives this court of jurisdiction over this action. Finally, defendant maintains that plaintiff lacks standing to challenge Bank of America's conveyance of the property to defendant because she no longer owns the property at issue, and she has been barred from raising further legal challenges to Bank of America's ownership of the property.

The contours of plaintiff's response are difficult to discern. She apparently contends that defendant has no evidence that it is the owner of her property, as recorded in Tarrant County property records on May 17, 2014. The petition also seems to allege that defendant breached a contract pertaining to plaintiff's property, although it is unclear which contract was purportedly breached or how.

III.

Analysis

The grounds of the motion to dismiss all appear to be well-taken. However, the court finds that dismissal is warranted on

the third ground--plaintiff's lack of standing--and thus finds it unnecessary to consider the remaining grounds.

Federal courts are courts of limited jurisdiction, and have only the power granted by Article III of the Constitution and applicable statutes. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Article III of the United States Constitution limits the judicial power of federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. "One element of the case-or-controversy requirement is that [a plaintiff] . . ., must establish that [she] ha[s] standing to sue." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The doctrine of standing seeks to ensure that a plaintiff has a sufficient stake in the controversy to merit his or her being the proper party to litigate it. Id. Standing in any federal court is a federal question not dependent on a party's prior standing in state court. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985).

Constitutional standing under Article III has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) traceable to the defendant's alleged conduct; and (3) that likely would be redressed by a favorable decision. Lujan, 504 U.S. at 560-561; St. Paul Fire & Marine Ins. Co. v. Labuzan,

5

579 F.3d 533, 539 (5th Cir. 2009).

It is clear from the record before the court that plaintiff cannot establish any of the required elements. Specifically, plaintiff has failed to establish at least the first two elements needed to show standing: plaintiff cannot show that she has suffered any injury that is traceable to anything done by defendant. Plaintiff's home was sold at foreclosure around October 2010, and Bank of America became the owner of the property on November 8, 2010. Bank of America subsequently conveyed the property to defendant.

Although plaintiff at one time had an ownership interest in the property, it is abundantly clear from the record that such interest longer exists. Further, plaintiff has been barred from raising any legal challenges to the ownership of the property. Although it seems clear from the rambling statements in the petition that plaintiff believes she has been wronged, no harm is alleged in the petition that is traceable to defendant's acceptance of the property from Bank of America. Any purported harm suffered by plaintiff arose from the foreclosure of her property prior to any involvement of defendant. Whatever harm plaintiff believes she has suffered as a result of the foreclosure was thus not caused by defendant. Even if the court were to set aside the conveyance from Bank of America to

defendant, plaintiff would still not be the owner, and such an action would still not entitle plaintiff to any relief.

To summarize, nothing in the state court pleading or its attachments can be construed as showing that plaintiff has suffered any injury in fact that is traceable to defendant as required to establish standing.

## IV.

### Order

Therefore,

The court ORDERS that all claims and causes of action brought by plaintiff, Lurea Hornbuckle, against defendant, Matt Martin, Director, United States Department of Housing and Urban Development, be, and are hereby, dismissed with prejudice.

SIGNED March 11, 2015.

_____
JOHN McBRYDE
United States District Judge